UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MURPHY,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | No. 2:19-cv-02546 GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 626(b)(1) and Local Rule 302(c).

Petitioner raises the following four grounds in his federal habeas petition: 1) factual innocence of California Pen. Code § 30600; 2) factual innocence of California Pen. Code § 311.11(a); 3) ineffective assistance of trial and appellate counsel; and 4) the "unlawful removal of [petitioner's] daughter from home." ECF No. 1 at 6-7. Upon review of the petition, the respondent will be directed to file a response to petitioner's habeas petition as to Grounds one, two and three only. The undersigned will recommend the dismissal of Ground four for failure to state a cognizable federal claim.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and

1

any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Advisory Committee Notes to Rule 8 also indicates that the court may deny a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. In the instant case, it is plain from the petition that petitioner is not entitled to federal habeas relief as to Ground four. Therefore, the undersigned will recommend dismissal of Ground four.

"Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question we must consider.' See Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir.1998) (stating the same as to 28 U.S.C. § 2241's 'in custody' requirement)." Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). "Custody" means that the petitioner is incarcerated, or otherwise in significant restraint of his liberty, and is bringing a claim challenging the judgment/order underlying that incarceration/restraint. See Panighetti v. Gastello, No. 2:19-cv-0015 MCE GGH P, 2019 WL 5196391 (E.D. Cal. July 23, 2019). In the petition for ground four, petitioner alleges his daughter was unlawfully removed from the home and "parental proceedings were conducted in a star chamber manner." ECF No. 1 at 7. Petitioner alleges there was "no evidence to sug[g]est that [his daughter] had been harmed in any way." Id. While petitioner's concern that his daughter was unlawfully taken from him could raise a constitutional claim relating to federal parental rights, Wallis v. Spencer, 202 F.3d 1126, 1136-1137 (9th Cir. 2000), it in no way pertains to the fact of *his* custody, and the claim should be dismissed from this petition.[1]

Accordingly, petitioner's Ground four should be dismissed for failure to state a cognizable federal claim.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this action;

2. Respondent is directed to file a response to petitioner's habeas petition as to Grounds One, Two and Three only within sixty days from the date of this order. See Rule 4, 28 U.S.C. foll. § 2254. An answer shall be accompanied by all transcripts and other documents relevant to

---

[1] Petitioner may file a separate civil rights claim if he believes his parental rights were unlawfully impacted by state action.

2

the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254. **Respondent is directed to file the record electronically in lieu of paper copies**;

    3. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

    4. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter; and

    5. The Clerk of the Court shall serve a copy of this order, the form Consent to Proceed Before a United States Magistrate Judge, and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Tami Krenzin, Supervising Deputy Attorney General.

    IT IS FURTHER HEREBY RECOMMENDED that Ground Four be dismissed for failure to state a cognizable federal claim.

    These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 14, 2020

                              /s/ Gregory G. Hollows
                         UNITED STATES MAGISTRATE JUDGE