UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MURPHY,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | No. 2:19-cv-02546 KJM GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

*Introduction and Summary*

Petitioner, a former state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c).

Petitioner has filed a petition for habeas corpus relief with respect to his conviction for possession of a large capacity magazine (Cal. Penal Code § 32310) and possession of child pornography (Cal. Penal Code § 311.11(a)). Petitioner initially received a sentence of four years of probation. See People v. Murphy, No. C084178, 2019 WL 1235623 (Cal. Ct. App. Mar. 18, 2019) ("Murphy 1"). He was later found to have violated conditions of his probation. "The trial court terminated probation, sentenced defendant to two years eight months in state prison, imposed various fines and fees, and awarded 141 days of presentence credit (71 actual and 70

1

1  conduct)." People v. Murphy, No. C084973, 2019 WL 1234939, at *1 (Cal. Ct. App. Mar. 18,
2  2019) ("Murphy 2").

3       In the Answer, respondent contests the jurisdiction of this court over the petition and
4  personal jurisdiction over the respondent, the exhaustion of all claims, and finally, in the
5  alternative, respondent contests the merits of the petition. ECF No. 18. For the reasons that
6  follow, the undersigned finds that jurisdiction exists, but cannot find that petitioner has exhausted
7  all issues (or even any issues he raises now) before the California Supreme Court.

8  *Subject Matter Jurisdiction*

9       Conflating the "in custody" analysis with an element of mootness (the inability to grant
10 relief), respondent agrees that petitioner was in custody at the time of the petition's filing and that
11 the case is not moot, but nevertheless contests the standing of petitioner to bring this petition. See
12 ECF No. 12 at 1, 7, 8.

13     1.  Facts

14      The facts of the felonies themselves are not germane at this point—just the essential,
15 procedural facts for this protracted, convoluted prosecution. Petitioner was initially arrested in
16 2013 for the felony weapons and pornography charges. The defendant vacillated between
17 defending himself, having counsel and then having the "right" counsel. All of the pre-trial
18 permutations are not relevant to the jurisdictional analysis.

19      Petitioner ultimately pled "no contest" in October of 2016. ECF No. 13-28 at 54-64.[1] He
20 was sentenced to four years of probation on February 16, 2017. ECF No. 13-28 at 153-162; 168-
21 173 (terms of probation). An appeal was taken on February 23, 2017, ostensibly on post-plea
22 grounds and not on the validity of the plea. ECF No. 13-28 at 174. However, the appeal did
23 involve the validity of the search warrants as well as their execution. See ECF No. 13-2 at 1-43.

24      During the pendency of that appeal, petitioner violated the terms of his probation.
25 Probation was terminated and he was ultimately sentenced to prison subject to Post Release
26 Community Supervision. ECF No. 13-34 at 66-73. One of the conditions upon his release was for

27
28     [1] The undersigned uses the e-page numbers for the CM/ECF filing system for ease and consistency of reference.

petitioner to register as a sex offender pursuant to Cal. Penal Code § 290. Id. at 69. There is nothing in the record to demonstrate that petitioner has ever been relieved of that requirement. An appeal was taken for the probation revocation on June 16, 2017. ECF No. 13-34 at 75; see also ECF Nos. 8, 9, 10.

Both appeals were decided in separate opinions on the same day, March 18, 2019, adversely to petitioner, by the Court of Appeal as referenced in the *Introduction and Summary* above. Petitions for review filed with the California Supreme Court were fruitless.

All concede that the Post Release Community Supervision (erroneously termed "probation" by respondent) terminated on December 24, 2019, *less than one week after the filing of this federal petition*. ECF No. 13-1. The federal petition filed on December 18, 2019 contained four grounds. ECF No. 1. Ground 4 was previously dismissed by this court as it did not relate to petitioner's convictions. See ECF Nos. 4, 8. Grounds 1, 2, and perhaps 3 of the federal petition focus on the initial conviction for the felonies, and *not* the probation revocation itself. Ground 3 generally ascribes ineffective assistance to petitioner's trial court and appellate attorneys, but the one specification of that asserted ineffectiveness was error regarding the issuance of the search warrants.

2. In Custody

Respondent argues that because petitioner was relieved of all custody during the pendency of this federal petition, there is no relief available to petitioner; hence, petitioner is not "in custody." However, the "in custody" analysis is separate and apart from whether any effective relief can be granted (mootness issue), and respondent's jurisdictional argument based upon the present lack of custodial status must fail.

> The District Court's conclusion that Spencer's release from prison caused his petition to be moot because it no longer satisfied the "in custody" requirement of the habeas statute was in error. *Spencer was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the "in custody" provision of 28 U.S.C. § 2254 requires*. See Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559–60, 20 L.Ed.2d 554 (1968); *Maleng v. Cook*, 490 U.S. 488, 490–491, 109 S.Ct. 1923, 1924–25, 104 L.Ed.2d 540 (1989) (per curiam). The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under

3

> Article III, § 2, of the Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478, 110 S.Ct. 1249, 1254, 108 L.Ed.2d 400 (1990). See also *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334–35, 45 L.Ed.2d 272 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis*, *supra*, at 477, 110 S.Ct., at 1253.

Spencer v. Kemna, 523 U.S. 1, 7 (1998) (emphasis added).

See also Wenzel v. People of California, No. 06-0224-FMC MLG, 2006 WL 2917577, at *2-3 (C.D. Cal. June 29, 2006) (declining to find its petitioner "in custody," but with an explanation that points to "in custody" in this case).

However, there is one more custody issue here—although there is no doubt that petitioner was "in custody" at the time of this petition's filing (Post Release Community Supervision had not been terminated then), was petitioner "in custody" for the purpose of attacking his previous "no contest" plea and subsequent sentencing to probation. Spencer does not answer that question as only the parole revocation was at issue there.

In Zichko v. Idaho, 247 F. 3d 1015, 1019-1020 (9th Cir. 2001), the Ninth Circuit held:

> We now hold that a habeas petitioner is "in custody" for the purposes of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law because the earlier rape conviction "is a necessary predicate" to the failure to register charge. *Brock*, 31 F.3d at 890 (holding that the habeas petitioner could challenge an earlier, expired conviction while involuntarily committed for treatment as a violent sexual predator).[2]

////

---

[2] Zichko went on to hold at 1020: "The Supreme Court's recent decision in Lackawanna Cty. Dist. Atty. v. Coss, 532 U.S. 394 (2001), is not to the contrary. There, the Supreme Court held that "if a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant ... may not collaterally attack his prior conviction through" a habeas petition related to his current conviction. Id. at 1573; see also Daniels v. United States, 532 U.S. 374 (2001) (same). But before reaching that holding, the Court also held that the petitioner was "in custody" for jurisdictional purposes because he alleged that the earlier, unconstitutional conviction had enhanced his later sentence. Lackawanna Cty. Dist. Atty., 532 U.S. 394. Similarly, here, Zichko's current conviction for failing to register is allegedly the product of an unconstitutional prior conviction. The district court, therefore, had jurisdiction over Zichko's claim.

Because petitioner's Post Release Community Supervision was directly related to his prior conviction and probation revocation/incarceration (the "necessary predicates" being the no contest plea and imposition of probation and subsequent probation revocation/incarceration), the undersigned finds petitioner to be "in custody" for purpose of his attacking his initial conviction and/or probation revocation.[3]

3. Mootness

Although stating that the case is not moot, ECF No. 12 at 7, respondent contends, nevertheless, that no effective relief can be awarded in this action. The two contentions are antagonistic. However, because mootness is a jurisdictional question, the undersigned need not be detained by the erroneous concession; the court has a duty to determine its own jurisdiction.

To the extent petitioner can challenge his original conviction, and as set forth above, he can, the Ninth Circuit has held that collateral consequences stemming from any conviction preclude mootness. Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994), superseded by statute on other grounds, Morris v. Woodford, 229 F.3d 775, 779 (9th Cir. 1994):

> In 1968, the Supreme Court held that a habeas petition challenging a conviction becomes moot "only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." Sibron v. State of New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917 (1968). Almost twenty years later, we said, "[w]e have repeatedly reaffirmed the presumption that collateral consequences flow from any criminal conviction." Hirabayashi v. U.S., 828 F.2d 591, 605–06 (9th Cir.1987) (emphasis added).

Although Chacon has been criticized, it remains the law of this circuit. See Larche v. Simons, 53 F.3d 1068, 1069 (9th Cir. 1995), overruled on separate grounds, McMonagle v. Meyer, 802 F.3d 1093 (9th Cir. 2015).

Moreover, the probation revocation proceedings are not moot, even though now expired, if a sex registration requirement remains. Errors in both proceedings could be attacked here, and relief in habeas corpus is available. Carty v. Nelson, 426 F.3d 1064, 1072 (9th Cir. 2005), would

---

[3] The undersigned, of course, does not disagree that Bailey v. Hill, 599 F.3d 976 (9th Cir. 2010), the case primarily relied upon by respondent, stands for the proposition that one is not "in custody" if all that he is challenging is a monetary aspect of a criminal conviction. However, such is not the case here, and the undersigned does not believe Bailey to be applicable to the issue here.

5

indicate that because the validity of the probation revocation depended upon the initial validity of the felony convictions, i.e., if the initial conviction were invalid, no probation/revocation would ever have been imposed. In Carty, the court held that relief was available to its petitioner:

> "Carty's injury is continuing and actual because as a former SVP he is subject to incarceration for up to a year if he fails to verify his residence and employment record every ninety days. *See* Cal. Penal Code § 290(a)(1)(E) & (g)(5). […] [The court could] relieve Carty from the additional reporting requirements placed on an SVP."

Carty, 426 F.3d 1072.

See also United States v. Juvenile Male, 560 U.S. 558, 560 (2010), recognizing that a continued registration requirement would preclude mootness.[4] As set forth above, no one contests the fact that petitioner has a continuing registration requirement, and it appears from the facts that this requirement was occasioned by his revocation of probation, and not the initial conviction for which no incarceration was imposed. In the words of Carty, the relief here could include a dropping of the registration/reporting requirements. As such, the case is not moot.

Therefore, the court has jurisdiction over all aspects of petitioner's conviction and probation revocation.

*Personal Jurisdiction*

Respondent is correct that petitioner has named a respondent (The People of the State of California) over which the court may not maintain personal jurisdiction. However, this defect is remedied by a substitution of a proper respondent, which in this case would be the present, parole release overall supervision director whose department oversaw petitioner's release after incarceration, or more effectively, the present Attorney General of the State of California.

In Rumsfeld v. Padilla, 542 U.S. 426 (2004), the Supreme Court held that "*generally*" the present, actual custodian is the only proper respondent when actual physical custody is at issue, and not the Attorney General or some other highly placed official. Id. at 434-435. However, in habeas cases such as this, when only a non-physical aspect of petitioner's custody is at issue—

////

---

[4] The Supreme Court determined in a later opinion that because Montana law did not require further registration for its petitioner, the case was moot. United States v. Juvenile Male, 564 U.S. 932 (2011).

1    here the continued requirement of sex offender registration, the Padilla rule is inapplicable and
2    unworkable.  See e.g., Hernandez v. Wagner, No. 110CV00313DLBHC, 2010 WL 2464830, at
3    *2 (E.D. Cal. June 14, 2010).  It would be odd indeed in circumstances such as the present that
4    cases allow habeas attacks on something other than an actual physical custody, which they do, see
5    Carty, but no respondent could be found for the attack.
6         Petitioner will be ordered to substitute the most likely respondent, the Attorney General
7    of California, as the proper respondent in this case.  This is the person who could be ordered to
8    take action in state court to effectuate any orders of this court calling for California courts to take
9    a second look at petitioner's conviction/ probation revocation.

*The Merits and Exhaustion*

Issues Presented

Petitioner raises the following issues:

1. Factually innocent of Cal. Penal Code § 30600(a) and as applied in an unconstitutional way;
2. Factual[ly] Innocent of [Cal. Penal Code §] 311.11(a) (but the issue appears to be one of alleged failure by the prosecution to produce exculpatory evidence);
3. Ineffective Assistance of Appellate Counsel (the specific grounds are unclear); and
4. Unlawful removal of daughter from home (which was previously dismissed by this court).

The undersigned has reviewed the plethora of state appellate briefs, supplementary briefs, and seriatim state habeas petitions set forth in the record provided by respondent. Like respondent, the undersigned cannot find that petitioner has exhausted issues 1-3 above with the *California Supreme Court*. While the issues may be lurking in lower court activities, the penultimate exhaustion requirement is that petitioner must have presented *all* his issues to the state supreme court in a manner which present a fair opportunity for that court to address the issues.  O'Sullivan v. Boerchel, 526 U.S. 838, 844-846 (1999); Castille v. Peoples, 489 U.S. 346 (1989); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Connor, 404 U.S. 270, 275 (1971).

////

Motion to Stay

In its present form, the petition appears to include only unexhausted claims. Claims presented in a federal habeas petition must be first presented to the California Supreme Court either by way of petitioning for direct review after an appeal has been denied in the California Court of Appeal, or by way of a habeas corpus petition presented to the state supreme court. Based on petitioner's assertions, petitioner has not satisfied these exhaustion requirements.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard, 404 U.S. at 276; Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

"[A] district court has the discretion to stay and hold in abeyance fully unexhausted petitioners under the circumstances set forth in Rhines." Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (citing Rhines v. Weber, 544 U.S. 269 (2005)). Accordingly, the undersigned will provide petitioner an opportunity to move for a stay under Mena and Rhines.

A district court may properly stay a habeas petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Assuming the petition itself has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140. A petitioner qualifies for a stay under Rhines so long as (1) good cause is shown for a failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially have merit; and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, 544 U.S. at 277-78. Although good cause does not require "extraordinary circumstances," courts must "interpret whether a petitioner has 'good cause' for a

8

failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.'" Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (quoting Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005)). The Ninth Circuit has further rejected a "broad interpretation of 'good cause.'" Wooten, 540 F.3d at 1024. Instead, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Pursuant to Rhines, petitioner will be granted an opportunity to file a motion for stay and abeyance in which he sets forth good cause for failure to exhaust his claims prior to filing his current federal habeas petition; that is unexhausted claims are meritorious; and that he has not been dilatory in proceeding on his claims.

If petitioner believes all his claims have been fully exhausted, and a stay is not appropriate, petitioner shall direct the court to the record, with specific page references, where issues 1-3 were fully presented before the California Supreme Court.

*Conclusion*

Accordingly, IT IS HEREBY ORDERED that within twenty (20) days from the date of this order:

1. If exhaustion has been met, and a stay is not appropriate, petitioner shall direct the court to the record, with specific page references, where issues 1-3 were fully presented before the California Supreme Court;

2. In the alternative, if exhaustion has not been met as to issues 1-3, petitioner shall file a motion for stay and abeyance pursuant to the standards set forth above;[5]

3. Petitioner shall also file a formal substitution of the Attorney General of the State of California as the respondent in this case; and

4. Petitioner is warned that failure to comply with the court's order and deadlines shall be grounds for dismissal of this action.

---

[5] The undersigned, of course, understands that he may reach the issues of unexhausted claims if they were to be denied on the merits. The problem here is that the undersigned is not quite sure of the issues, or their bases, as no detailed substantive briefing has been set forth by petitioner, even in his traverse.

9

Further, IT IS HEREBY RECOMMENDED that:

1. Respondent's answer be denied as to its grounds for dismissal on the basis of lack of subject matter jurisdiction and personal jurisdiction; and

2. Respondent's answer on the merits be deferred, subject to renewal if appropriate, after the resolution of petitioner's exhaustion issue.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 10, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE