UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MURPHY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>THE ATTORNEY GENERAL OF CALIFORNIA,[1]<br><br>　　　　　Respondent. | No.  2:19-cv-02546 KJM GGH P<br><br>FINDINGS & RECOMMENDATIONS |

　　　　Petitioner, a former state prisoner, is proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion to stay proceedings. ECF No. 16. Respondent opposes the motion. ECF No. 17. After review of the filings, the undersigned will recommend the motion to stay be denied and the petition be dismissed for failure to exhaust state remedies.

*Exhaustion*

　　　　Review, again, of petitioner's briefs and petitions filed in his state court proceedings, does not reveal that petitioner's remaining three claims in the federal petition were properly presented to the California Supreme Court. As respondent argues, and the court agrees, neither petitioner's counsel authored brief on direct review (ECF No. 13-6), nor petitioner's own supplemental

---

[1] The court grants respondent's request to substitute the Attorney General of California, as respondent in this matter.

1

briefing on direct review before the state supreme court (ECF No. 13-11), reveal additional information not already reviewed by this court. Briefs before the Superior Court or appellate courts, on direct review or in state habeas petitions, do not count for exhaustion purposes. Claims raised in this federal petition must have been adequately presented to the California Supreme Court.

To summarize, petitioner has three remaining claims in this federal petition:[2]

1. "Factually innocent of Cal PC 30600(a) and is applied in an unconstitutional way";
2. "Factual[ly] innocent of 311.11(a)"; and
3. "IAC in lower court and on appeal[.]"[3]

Petitioner's state counsel's brief on direct review raises none of the issue in this federal petition. Review of the supplemental briefing filed by petitioner pro se in the California Supreme Court on direct review (ECF No. 13-11) contains no discussion of claims raised in this federal petition which would have permitted the state supreme court to review such claims on the merits. Rather, the supplementary briefing, insofar as it is pertinent to the issues in this federal petition, lists bullet points without any discussion which could be considered as a meaningful briefing on the merits, or are contained in tag lines within the minimal setting forth of issues. The United States Supreme Court in Castille v. Peoples, 489 U.S. 346 (1989), directs that such claims are therefore unexhausted.

Claim 2, for example, alleging a factual innocence of the child pornography charges is referenced within a meandering, difficult to understand discussion of ineffective assistance of counsel. ECF No. 13-11 at 9. The total discussion of actual innocence is a one sentence conclusion: "The forensics of Defendants computer exonerates him of any knowledge of the

---

[2] Claim 4 has been previously dismissed. See ECF Nos. 4, 8.

[3] In support for Claim 3, petitioner states the following: "The attorneys should have raised the issues defendant listed for them to but didn't and because of that the courts didn't act. The one issue regarding search warrant the appeals attorney did raise but didn't address is that the search warrants were based on the imagination of other crimes with no evidence they were committed. The reason for a search warrant was to look for "how to manuals" which would lead to illegal weapons cashes. Trial coun[s]el should have filed a murgia motion, but refused[.]" ECF No. 1 at 6. The undersigned assumes the reference to a "murgia motion" in the petition is to Murgia v. Mun. Court, 15 Cal. 3d 286 (1975).

images." Id. The next sentence raises a Brady issue that this exculpatory information was withheld by the district attorney (not an actual innocence issue), and the sentence thereafter blames his attorneys "refus[al] to get this information," as well as that the defense investigator was given the run-around. Id. It cannot be reasonably said that Claim 2 was presented to the California Supreme Court in any meaningful fashion, i.e., a fair presentation, O'Sullivan v. Boerchel, 526 U.S. 838, 844-846 (1999); Castille, supra, 489 U.S. 346; Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Connor, 404 U.S. 270, 275 (1971), which would have allowed that court to review the claims.

Claim 3 is similarly deficient, and even more so. There is not a reference to a "Murgia" motion in the entirety of the supplemental briefing. Nor, in the scattered comments about poor counsel throughout the briefing, does petitioner ever raise the search warrant ineffectiveness issue he pleads in this federal petition. Accordingly, Claim 3 is not exhausted.

Claim 1 (factual innocence of the magazine charge) is a closer call, but upon examination of its short discussion on ECF No. 13-11 at 9, the undersigned cannot find that these rambling few sentences raises the issue in a meaningful and fair manner. Even if this were not the case, the fact that the Claims 2 and 3 are clearly not exhausted, renders the claims in the petition, at best, to constitute a mixed petition.

The undersigned finds again, that all issues in the petition are not exhausted, or in the alternative, a mixed petition exists.

*The Court's Previous Order Regarding Exhaustion and a Stay*

As set forth in the Court's June 10, 2020 order, the petition in this case involves state criminal proceedings in which petitioner initially pled guilty, was given probation which he violated, and subsequently was sentenced to prison which had been served prior to the filing of this federal petition. ECF No. 15. In addition to the somewhat involved "in custody" analysis, the undersigned previously found that the issues in this petition were not exhausted. Id. However, due to the proliferation of state court proceedings, the undersigned gave petitioner an opportunity to demonstrate exhaustion, and in the event he could not, petitioner was given an opportunity to file a motion to stay pursuant to the explained standards in the order which included a showing of the

3

potential of the merits of petitioner's claims.[4] Id. In response, petitioner did not attempt to identify for the court any place he believed exhaustion had been demonstrated, and as seen from the discussion below, petitioner did not attempt to demonstrate why any of his claims had potential merit.

*Motion to Stay*

    Legal Standards

A district court may properly stay a habeas petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). "[A] district court has the discretion to stay and hold in abeyance fully unexhausted petitioners under the circumstances set forth in Rhines." Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (citing Rhines, 544 U.S. 269). Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Assuming the petition itself has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140. A petitioner qualifies for a stay under Rhines so long as (1) good cause is shown for a failure to have first exhausted the claims in state court; **(2) the claim or claims at issue potentially have merit;** and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, 544 U.S. at 277-78. What constitutes good cause has not been precisely defined except to indicate at the outer end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, 544 U.S. at 277- 78, and that "extraordinary circumstances" need not be found. Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005); see also Rhines, 544 U.S. at 279 (Stevens, J., concurring) (the "good cause"

---

[4] Specifically, the court provided petitioner the following instructions: "Pursuant to Rhines, petitioner will be granted an opportunity to file a motion for stay and abeyance in which he sets forth good cause for failure to exhaust his claims prior to filing his current federal habeas petition; **that [h]is unexhausted claims are meritorious**; and that he has not been dilatory in proceeding on his claims. If petitioner believes all his claims have been fully exhausted, and a stay is not appropriate, petitioner shall direct the court to the record, with specific page references, where issues 1-3 were fully presented before the California Supreme Court." ECF No. 15 at 9 (emphasis added). Petitioner was also directed in the order's conclusion that if he were to file a motion for stay, he was to satisfy the Rhines requirements. Id.

requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner") (internal citation omitted); id. (Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations). "But as the Jackson court recognized, we must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.' We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008) (quoting Jackson, 425 F.3d at 661) (internal citations omitted).

The Ninth Circuit has stated that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," will demonstrate good cause under Rhines. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). In Blake, the Ninth Circuit held that ineffective assistance of counsel ("IAC") by post-conviction counsel can be good cause for a Rhines stay, however, bare allegations of state post-conviction IAC do not suffice. Id. at 983. The Blake court concluded that petitioner satisfied the good cause standard where he argued that his postconviction counsel "failed to conduct any independent investigation or retain experts in order to discover the facts underlying his trial-counsel IAC claim; namely, evidence that Blake was subjected to outrageous and severe sexual, physical and emotional abuse as a child, and suffered from organic brain damage and psychological disorders." 745 F.3d at 982 (internal quotation marks omitted). The petitioner supported this argument with extensive evidence, including psychological evaluation reports, a declaration by the private investigator who worked briefly for his post-conviction attorney, and thirteen declarations from petitioner's family and friends describing his "abhorrent" childhood conditions. Id. at 982-83. The Blake court concluded that the petitioner had met the Coleman/Martinez standard to show good cause under Rhines. Id. at 983-84 & n.7.

Discussion

In his motion to stay, petitioner argues he meets the requirements necessary for a Rhines stay, arguing the following:

////

> The fi[r]st 3 issues were raised in the supplemental briefs from the probation revocations in the court of appeal, and petitioned for review along with the Appellate Attorney's petition for review. S255531 was submitted by Defendant May 1st 2019 and Denied June 12th 2019 by the California Supreme Court on the issues with probation revocation, S255314 was filed on April 19th 2019 from first direct appeal by Elizabeth Campbel ESQ. and denied May 22nd by the California Supreme Court. Petitioner *thought* this satisfied the requirement for exhaustion of state remedies. *Petitioner firmly believes the underlying issues have merit*, and acknowledge this has been challenging to rehash and articulate because of compounding grievances though the entire process. […] *The Court indicated it was looking for a detailed substantive briefing of the issues which will be provided and served on the parties in the event of a Motion to Lift Stay.*

ECF No. 16 at 1 (emphasis added).

Petitioner's belief his claims were presented before the state supreme court, and therefore exhausted, are not sufficient grounds to find good cause under Rhines, even when represented by appellate counsel.

> To accept that a petitioner's 'impression' that a claim had been included in an appellate brief constitutes 'good cause' would render stay-and-obey orders routine. Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he thought his counsel had raised an unexhausted claim and secure a stay. Such a scheme would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'

Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (citation omitted).

Respondent correctly cited Dixon v. Baker, 847 F.3d 714, 721 (9th Cir. 2017), for the proposition that: "A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a *potentially meritorious* claim simply because he lacked counsel." (emphasis added). Respondent argued, with some validity, that this carte blanche "good cause" finding for a pro se petitioner was antithetical to previous U.S. Supreme Court and Ninth Circuit decisions. However, the undersigned need not resolve any potential conflict in "good cause" case authority because even under Dixon, the Rhines requirement that the claims to be exhausted have "potential merit" in order to warrant a stay, remains in full effect.

////

Moreover, even after petitioner was expressly directed by the court in it's June 10, 2020 order that in order to meet the <u>Rhines</u> requirements, petitioner must show that his claim or claims at issue potentially had merit, petitioner's response in his half-page motion for a <u>Rhines</u> stay that he would only later brief any potential merit for his claims, is not sufficient to meet this second <u>Rhines</u> requirement.  ECF No. 16 at 1.  The undersigned is not free to ignore the "potential merit" requirement of <u>Rhines</u> and <u>Dixon</u>, and a "to be announced" deferral is insufficient.  Nowhere in the state supplementary brief discussed above, or in the petition itself, or in the Motion for Stay has the potentially meritoriousness of the claims been demonstrated. Accordingly, the Motion for <u>Rhines</u> stay should be denied.

*Conclusion*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's Motion to Stay (ECF No. 16) be denied;
2. Petitioner's federal habeas petition (ECF No. 1) be dismissed without prejudice for failure to exhaust state remedies; and
3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

////

////

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 14, 2020

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRAGE JUDGE